**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
A<small>T</small> W<small>HEELING</small>

| | | |
|---|---|---|
| DIANA MEY, individually and on behalf of a Class of all persons and entities similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:15-cv-101-JPB |
| GOT WARRANTY, INC., N.C.W.C., INC., PALMER ADMINISTRATIVE SERVICES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OR IN THE
ALTERNATIVE, TO STAY PENDING SUPREME COURT REVIEW**

Defendants N.C.W.C., Inc. and Palmer Administrative Services, Inc. ("Defendants"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1), submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff Diana Mey ("Plaintiff") or, in the alternative, to stay the case pending the Supreme Court's decision in *Spokeo, Inc. v. Robbins*, 135 S. Ct. 1892 (2015).

**I.      INTRODUCTION**

Plaintiff filed this class action against Got Warranty, Inc. ("Got Warranty"), N.C.W.C., Inc. ("N.C.W.C."), and Palmer Administrative Services, Inc. ("Palmer"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Plaintiff is seeking both statutory damages and injunctive relief. Plaintiff's sole claim to standing is Defendants' alleged violations of the text of the TCPA.

Article III of the Constitution expressly limits the jurisdiction of the federal courts to "Cases" and "Controversies." *See Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009). In

order to establish a case or a controversy, a Plaintiff must establish she has suffered an "injury in fact" which "is a hard floor of Article III jurisdiction that cannot be removed by statute." *Id.* at 497. However, the Fourth Circuit has established that the mere deprivation of a statutory right is not an "injury in fact" sufficient to establish Article III standing. *David v. Alphin*, 704 F.3d 327, 338 (4th Cir. 2013).[1] Regardless of whatever rights the TCPA may purport to give, "the Article III requirement of remediable injury in fact … has nothing to do with the text of the statute relied upon." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2 (1998). In this case, despite her allegations of TCPA violations, Plaintiff has not alleged actual harm as required by the Constitution. Thus, in the absence of actual harm, Plaintiff lacks standing and is not entitled to the statutory damages that would otherwise serve as proxy for any actual damages that she may have incurred.

Should this Court decline to dismiss Plaintiff's case for the reasons cited herein, Defendants alternatively request a brief stay pending the Supreme Court's forthcoming decision in a case that is directly relevant to the instant action. As set forth in more detail below, the Supreme Court has heard oral arguments in a case that precisely addresses the matters raised herein: whether an individual has standing to sue in federal court when her damages are purely statutory. This Court will surely benefit by the guidance articulated by the Supreme Court in this case and, due to the fact that the decision is expected before the conclusion of the Supreme Court's current term in June, Plaintiff will not be prejudiced by a brief stay.

## II. PROCEDURAL HISTORY

On August 6, 2015, Plaintiff filed her class action complaint alleging the Defendants violated certain provisions of the TCPA, 47 U.S.C. §§ 227, *et seq*. Plaintiff is seeking both

---

[1] *But see Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000); *Moore v. Dish Network, L.L.C.*, 57 F. Supp. 3d 639, 655 (N.D.W. Va. 2014).

2

individual and class-wide relief.  On October 19, 2015, the parties engaged in the Initial Planning Meeting to discuss discovery matters as required by Rule 26(f).  The parties submitted their written report on the results of that initial discovery meeting, and on November 19, 2015, the Court entered its Scheduling Order.  Defendants N.C.W.C. and Palmer responded to Plaintiff's First Set of Discovery Requests on November 30, 2015, and Defendant Got Warranty responded to Plaintiff's First Set of Discovery Requests on December 9, 2015.   Production of electronically stored information has yet to begin.  Under the Scheduling Order, all discovery must be completed in this case by September 1, 2016.  In short, this case is in its early stages.

### III.   THE MOTION TO DISMISS SHOULD BE GRANTED BASED ON PLAINTIFF'S LACK OF STANDING AS PLAINTIFF'S ALLEGATIONS DO NOT ESTABLISH STANDING UNDER ARTICLE III

#### A.   Legal Standard

Article III standing requires the party invoking federal jurisdiction to establish:

> (1) an injury in fact (i.e., a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (i.e., a 'fairly . . . trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is 'likely' and not merely 'speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*David,* 704 F.3d at 333 (quoting *Sprint Commc'ns Co. L.P. v. APCC Serv., Inc.*, 554 U.S. 269, 273-74 (2008)).  Each of these requirements must be met to establish standing.  *Id.*  Further, the Fourth Circuit has established that the mere deprivation of a statutory right is not an "injury in fact" sufficient to establish Article III standing.  *Id.* at 338.  No matter what Congress' intent may have been in enacting the TCPA, "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."  *Summers v. Earth Island Inst.*, 555 U.S. at 497.

#### B.   Plaintiff Has Not Alleged an Injury in Fact

Plaintiff has only alleged a pure statutory injury:  that "Defendants violated the TCPA by [initiating telephone calls to Plaintiff]."  Compl. ¶¶ 59, 62.  "It makes no difference that the

3

procedural right has been accorded by Congress," *Summers*, 555 U.S. at 497, as statutory standing alone is insufficient to maintain an action in federal court. *See David,* 704 F.3d at 333.

The Fourth Circuit has considered an analogous scenario in a case where participants in an ERISA benefit plan brought suit against the plan's administrators. *See id.* at 329-30. The participants sought to recover multimillion dollar losses incurred by the plan due to statutory violations committed by the administrators. *Id.* at 331. Congress specifically provided in the relevant statute for participants to have the ability to bring civil actions against plan administrators. *Id.* at 332. The participants contended that the deprivation of their statutory right to have the plan operated in accordance with ERISA requirements was sufficient to constitute an injury in fact for Article III standing.[2] *Id*. at 338. However, the court disagreed and held that "this theory of Article III standing is a non-starter as it conflates statutory standing with constitutional standing" because "these requirements are distinct; we have subject matter jurisdiction…only where the appellants have both statutory *and* constitutional standing." *Id*. The Fourth Circuit ultimately determined that the participants lacked Article III standing due to the absence of an injury in fact. *Id.* at 338-39. The court came to that conclusion notwithstanding Congress' clear attempt to give the participants the ability to bring that very suit. *See id.* at 332. Ultimately, the Fourth Circuit determined that the ERISA plan beneficiaries did not suffer an injury in fact despite their allegations that their retirement plan suffered multimillion dollar losses. *Id.* at 343.

---

[2] Appellants also contended that they suffered the following distinct injuries which conferred constitutional standing: representational standing under ERISA's express provisions allowing suits on behalf of the plan; standing under trust law and ERISA to sue self-dealing fiduciaries without proof of economic harm; and standing because they suffered personal economic injuries due to the fiduciary breaches that increased the risk that they would not be paid as promised. *Id*. at 334. The court found that in the absence of actual injury, appellants did not have constitutional standing under any of these bases . *Id*. at 336-338.

Similar to the plaintiffs in *David*, Plaintiff in the instant action has statutory standing but did not suffer an injury in fact. *See id*. at 333. It is noteworthy that Plaintiff failed to suggest that she has suffered *any* injury, monetary or otherwise, and has merely claimed a right to compensation based on Defendants' alleged statutory violations. *See* Compl. ¶¶ 58-63. Thus, Plaintiff has failed to allege an injury in fact and without such an allegation, Plaintiff cannot establish Article III standing and therefore cannot invoke federal jurisdiction in this case. *See David*, 704 F.3d at 333.

**IV.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED PENDING THE SUPREME COURT'S RESOLUTION OF SPOKEO, INC. V. ROBBINS**

In the event this Court is reluctant to grant the relief sought herein by the Defendants, the Defendants alternatively request that this Court stay the proceedings, including discovery, pending the Supreme Court's publication of its decision in *Spokeo, Inc. v. Robbins,* 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015)[3]. It is expected that this highly anticipated and relevant decision will provide direct guidance as to whether this Court has the requisite subject matter jurisdiction to adjudicate the Plaintiff's claims. The Supreme Court is expected to address whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

Given the distinct possibility that a Supreme Court ruling will warrant dismissal, the costs of unnecessary discovery and the disruption of business will be tremendous. In stark contrast to such a disruption, and as made apparent from her Complaint, Plaintiff has suffered no actual injury and thus will suffer no harm from a delay. A short stay imposed by the Court will not prejudice Plaintiff in the slightest as a decision in *Spokeo* is expected in just the next few months.

---

[3] The Supreme Court heard oral arguments on November 2, 2015.

Courts in the Fourth Circuit commonly stay cases when a pending Supreme Court decision is poised to squarely resolve a central issue in the pending case. *See, e.g., Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished opinion) (finding that the district court properly stayed proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners*, LLC, No. 8:11-cv-02467-PWG (Md. Jan 2, 2013) (granting motion to stay a case pending Supreme Court's decision which could be "dispositive of Plaintiff's entire claim").

A number of federal courts have recently stayed cases in similar TCPA class actions to await the Supreme Court's potentially case-dispositive ruling. *See, e.g.,* Order, *Williams v. Elephant Ins. Co., et al.*, No. 1:15-cv-00119-GBL-TCB (E.D. Va. May 27, 2015) (staying TCPA action pending Supreme Court's decision in *Spokeo*); *Acton v. Intellectual Capital Management, Inc.*, 1:15-cv-4004 (E.D.N.Y. Dec. 28, 2015) (staying TCPA class action pending the outcome of *Spokeo* where defendants asserted that plaintiff lacked standing in the absence of actual damages); *Luster v. Sterling Jewelers*, 1:15-cv-2854 (N.D. Ga. Dec. 17, 2015) (granting stay in TCPA action pending the resolution of *Spokeo* because the plaintiff would suffer no injury); *Boise v. ACE USA, Inc.*, 2015 U.S. Dist. LEXIS 87200 (S.D. Fla. July 6, 2015) (staying TCPA case because Supreme Court could conclusively define the court's subject matter jurisdiction to hear plaintiff's claims); *Duchene v. Westlake Servs., LLC*, 2015 U.S. Dist. LEXIS 139269 (W.D. Pa. Oct. 13, 2015) (staying TCPA case pending Supreme Court decision because plaintiff would not incur any significant prejudice if a short stay of definite duration was imposed). In addition, a number of federal courts have stayed cases in similar class actions pending the *Spokeo* decision.[4]

---

[4] *See*, e.g., *Ernst v. Dish Network, LLC*, 2016 U.S. Dist. LEXIS 10724 (S.D. N.Y. Jan. 28, 2016) (staying claims under the Fair Credit Reporting Act where defendants argued that plaintiffs did not allege concrete harm because

In the event that this Motion to Dismiss is denied, Defendants urge this Court to similarly briefly stay this case pending the *Spokeo* ruling. The relatively insignificant delay would save potentially significant time and expense for the Court, the parties involved, and third parties. This case is a prime example of when the Court should exercise its discretion to stay.

## CONCLUSION

The Court should grant Defendants' Motion to Dismiss because Plaintiff has not alleged an injury in fact necessary to establish standing. In the alternative, the Court should stay this matter until the Supreme Court publishes its ruling in *Spokeo*.

Respectfully submitted this 12th day of February, 2016.

        N.C.W.C., INC. AND PALMER
        ADMINISTRATIVE SERVICES, INC.

        By Counsel:

        */s/ Gordon H. Copland*
        Gordon H. Copland (WVSB #828)
        Christopher A. Lauderman (WVSB #11136)
        Steptoe & Johnson PLLC
        400 White Oaks Boulevard
        Bridgeport, WV 26330
        304-933-8162 (telephone)
        304-933-8601 (facsimile)
        gordon.copland@steptoe-johnson.com
        chris.lauderman@steptoe-johnson.com

---

*Spokeo* will likely clarify whether plaintiffs and potential class members have Article III standing ); *Matera v. Google Inc.*, 5:15-cv-04062 (N.D. Cal. Feb. 5, 2016) (exercising its discretion to temporarily stay Electronic Communications Privacy Act case pending *Spokeo* decision after engaging in a balancing analysis of the *Landis* factors and finding that a stay would be appropriate); *Cano Lopez v. Miami-Dade Cnty. et al.*, 1:15-cv-22943 (S.D. Fl. August 5, 2015) (staying matter because a decision in *Spokeo* could conclusively determine whether the court has subject matter jurisdiction over plaintiff's claims). *But see Kafatos v. Uber Technologies, Inc.*, 15-cv-03727 (N.D. Cal. Nov. 2, 2015) (denying motion to stay TCPA class action where plaintiffs articulated concrete injury and did not simply rely on a bare violation of the statute); *Johnson v. Navient Sols.,Inc.*, 1:15-cv-00716 (S.D. Ind. Dec. 15, 2015) (denying stay in TCPA action pursuant to *Spokeo* because plaintiff's allegations related to the intrusion of privacy stated a claim for actual harm); *Woods v. Caremark PHC, L.L.C.*, 4:15-cv-00535 (W.D. MO. Nov. 2, 2015) (exercising its discretion to deny motion to stay pending *Spokeo* because it is compelled to follow current circuit precedent).

and

Karen A. Doner
*Admitted Pro Hac Vice*
Mitchell N. Roth
*Admitted Pro Hac Vice*
Roth Doner Jackson, PLC
8200 Greensboro Drive
Suite 820
McLean, Virginia 22102
(703) 485-3537 (telephone)
(703) 485-3525 (facsimile)
kdoner@rothdonerjackson.com
mroth@rothdonerjackson.com

***COUNSEL FOR DEFENDANTS N.C.W.C., INC. AND PALMER ADMINISTRATIVE SERVICES, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2016, I filed the foregoing "Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) or in the Alternative, to Stay Pending Supreme Court Review" with Clerk of the Court using the CM/ECF system, which will send electronic notification of said filing to the following counsel of record:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P.MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 facsimile
mmccue@massattorneys.net

Thomas W. Kupec
Kupec & Associates, PLLC
228 Court Street
Clarksburg, WV 26301
twk@ma.rr.com
brandon.kupec@kupeclaw.com

*/s/ Gordon H. Copland*
Gordon H. Copland (WVSB #828)
  gordon.copland@steptoe-johnson.com
Christopher A. Lauderman (WVSB #11136)
  chris.lauderman@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Fax:  (304)933-8183