IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

DIANA MEY, individually and on )
behalf of a Class of all persons and )
entities similarly situated, )
 )
    Plaintiff, )
 )
v. ) Case No. 5:15-cv-101-JPB
 )
GOT WARRANTY, INC., N.C.W.C., INC., )
PALMER ADMINISTRATIVE SERVICES, )
INC., )
 )
    Defendants. )

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OR IN THE
ALTERNATIVE, TO STAY PENDING SUPREME COURT REVIEW**

    Defendants N.C.W.C., Inc. and Palmer Administrative Services, Inc. ("Defendants"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1), submit this reply memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff Diana Mey ("Plaintiff") or, in the alternative, to stay the case pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) ("Motion"), and state as follows:

**INTRODUCTION**

    Despite her mischaracterizations of both the Defendants and the record evidence in this case, Plaintiff's Response in Opposition to Defendants [sic] Motion to Stay ("Opposition") falls short. For the reasons set forth below, this case should be dismissed for lack of subject matter jurisdiction or, alternatively, stayed pending the Supreme Court's ruling in *Spokeo*, which will have a determinative effect not only on Plaintiff's standing, but on the scope of the putative classes' standing as well.

**ARGUMENT**

I.   **THE COMPLAINT DOES NOT ALLEGE INJURIES-IN-FACT SPECIFIC TO DIANA MEY AND THEREFORE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISICTION.**

Plaintiff's characterization of Defendants' Motion as an obstructionist tactic is without merit.  It is well-established that a motion challenging the court's subject matter jurisdiction may be raised *at any time* during the pendency of a case and, moreover, the grounds for such a motion may be made either by (1) asserting that "the complaint fails to state facts upon which subject matter jurisdiction may be based," or (2) attacking "the existence of subject matter jurisdiction *in fact*, apart from the complaint."  *Wallace v. Enhanced Recovery Co.*, No. 7:13-CV-124-FL, 2015 U.S. Dist. LEXIS 123676, at *8 (W.D.N.C. Sept. 16, 2015) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)) (emphasis added).

The instant Motion is predicated upon the former grounds for dismissal – a challenge to subject matter jurisdiction based upon the pleadings.  Accordingly, this Court must "accept as true all *material allegations* of the complaint and construe the complaint in favor of the complaining party."  *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013) (citing *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)) (emphasis added).  This Court must not, however, give credence to mere "'legal conclusions'" or "'naked assertions.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's Opposition cites the 2000 Fourth Circuit Court of Appeals Clean Water Act case, *Friends of the Earth Inc. v. Gaston Copper Recycling Corp.*, the 2014 Northern District of West Virginia TCPA case, *Moore v. Dish Network L.L.C.*, and the 2015 Eastern District of Virginia TCPA case, *Ryals v. Strategic Screening Solutions*, in support of her contention that a

mere statutory violation of the TCPA is tantamount to injury-in-fact for Article III purposes.[1] Opp'n at 2, 4, 6-7 (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000); *Moore v. DISH Network L.L.C.*, 57 F. Supp. 3d 639, 655 (N.D. W. Va. 2014); *Ryals v. Strategic Screening Solutions, Inc.*, Civil Action No. 3:14cv643, 2015 U.S. Dist. LEXIS 99874, at *14-15 (E.D. Va. July 30, 2015)). The more recent authority from the Fourth Circuit in *David v. Alphin*, however, makes plain that statutory and constitutional standing are distinct requirements. 704 F.3d 327, 338 (4th Cir. 2013). Indeed, the Fourth Circuit in *David* explicitly found the plaintiffs' contention – that the "deprivation of their statutory right. . . [was] sufficient to constitute an injury-in-fact for Article III standing" – to be erroneous. *Id.* The court elaborated:

> [T]his theory of Article III standing is a non-starter as it conflates statutory standing with constitutional standing. As noted *supra*, these requirements are distinct; we have subject matter jurisdiction over ERISA claims only where the appellants have both statutory *and* constitutional standing.

*Id.* Although *David v. Alphin* addressed the standing of plaintiffs suing for mere violations of ERISA as opposed to the TCPA, the distinction is one without a difference to the present case because Plaintiff, like the plaintiffs in *David*, alleges only deprivation of a statutory right and not a "'concrete and particularized' invasion of a 'legally protected interest'" amounting to an injury-in-fact. *Id.* at 333 (quoting *Sprint Commc'ns Co. L.P. v. APCC Serv., Inc.*, 554 U.S. 269, 273-74 (2008)); *see also* Memo. in Supp. at 3-4. Notably, even in the case relied upon heavily by Plaintiff, *Friends of the Earth*, the plaintiff there suffered an "actual injury" sufficient for Article III standing because he was a property owner whose family fished and swam in a lake

---

[1] Although the courts in *Moore* and *Ryals* held that violations of the TCPA are tantamount to injuries-in-fact for Article III purposes, such holdings are in direct conflict with the Fourth Circuit's opinion in *David*.

3

within the path of toxic discharge. 204 F.3d at 156. Plaintiff has alleged no such concrete and particularized injury-in-fact.

In this case, Defendants do not assert that a TCPA plaintiff will *never* have Article III standing – merely that this Plaintiff does not because the bare allegations of the Complaint are simply insufficient. Specifically, Plaintiff alleges no concrete harm or injury-in-fact that would support Article III standing. Rather, the Complaint merely references the legislative intent in enacting the TCPA. *See* Compl. ¶¶ 1, 13-14; *see also* Opp'n 4. Defendants do not dispute the legislative intent behind the TCPA. Moreover, although Plaintiff states she was offered a vehicle service contract that she never requested, nowhere in the Complaint does Plaintiff allege that receiving the two alleged calls in July 2015 was, in fact, injurious to her. *See* Compl. ¶ 39.

Indeed, all that is alleged is the violation of the TCPA. *See* Compl. ¶¶ 59, 62. Under *David v. Alphin*, such a dearth of facts alleging nothing beyond deprivation of a statutory right defeats Plaintiff's case for Article III standing. 704 F.3d at 333, 338. Accordingly, this Court should dismiss the Complaint for lack of subject matter jurisdiction.

## II. IN THE ALTERNATIVE, THE MOTION TO STAY SHOULD BE GRANTED PENDING THE SUPREME COURT'S RESOLUTION OF *SPOKEO*

This case is also ripe for staying pending the Supreme Court's publication of its decision in *Spokeo, Inc. v. Robbins*, 742 F.3d 409 (9th Cir. 2014), cert. granted, 135 S. Ct. 1892 (2015). As explained in Defendants' Motion, the Supreme Court is expected to address "whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Petition for Writ of Certiorari at i, *Spokeo Inc. v. Robins*, 135 S. Ct. 1892 (2014) (No. 13-1339), 2014 U.S. S. Ct. Briefs LEXIS 1766, at *i; Memo. in Supp. at 5. Plaintiff falls squarely in the class of litigants this ruling will

4

affect. *See id.* at *16, 2014 U.S. S. Ct. Briefs LEXIS 1766 at *16; Brief for the United States as Amicus Curiae at 33 n.6, *Spokeo Inc. v. Robins*, 135 S. Ct. 1892 (2015) (No. 13-1339), 2015 U.S. S. Ct. Briefs LEXIS 3099, at *33 n.6; *see also Duchene v. Westlake Servs., LLC*, Case No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269, at *2 (W.D. Pa. Oct. 13, 2015) ("[A] ruling in *Spokeo* would likely have a direct impact [on] other statutory damages cases, such as the present TCP A case.").

"It is well settled law that federal district courts possess the ability to, under their discretion, stay proceedings before them when the interests of equity so require." *Moore v. Equitrans, L.P.*, Civil Action No. 1:12CV123 (STAMP), 2015 U.S. Dist. LEXIS 59168, at *6 (N.D. W. Va. May 6, 2015) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 125 (4th Cir. 1983)). The exercise of this discretion is eminently appropriate "when a higher court will issue a decision that may affect the outcome of the pending case." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461-62 (S.D. W. Va. 2013) (citing *Kelley v. Metro. Cnty. Bd. of Educ.*, 436 F.2d 856, 863 (6th Cir. 1970) (Celebrezze, J., concurring in part and dissenting in part); *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987)).

This Court has previously relied upon three factors "when assessing a motion to stay . . . based on the Supreme Court's decision in *Landis v. North American Co.*: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Kamara v. Polk*, 3:12-CV-143, -1443, -1453, -1463, -1473, -1483, -1493, -1503, -1513, -1523, -1533, -1543, -1553, -1563, -1573, -1583, -1593, -1603, -1613, -1623, -1673, 3:13-CV-31, 2014 U.S. Dist. LEXIS 158324, at *18-19 (N.D. W. Va. Nov. 7, 2014) (quoting *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013)). In this case, all three factors support the grant of a stay.

Although Plaintiff cites a handful of instances in which courts have declined to stay cases pending *Spokeo*, Opp'n at 7-8, an exceptional number of other courts have reached the opposite conclusion and granted stays. Several cases are cited as examples in Defendants' Motion. *See* Memo. in Supp. at 6; *see also Compressor Eng'g Corp. v. Thomas*, Case No.: 10-10059, 2016 U.S. Dist. LEXIS 13174, at *17 (E.D. Mich. Feb. 3, 2016) (staying a TCPA case, even in the presence of allegations of actual damages, because the *Spokeo* decision may address "whether a class can be certified"); *Rodriguez v. DFS Servs., LLC*, Case No: 8:15-cv-2601-T-30TBM, 2016 U.S. Dist. LEXIS 11494, at *1 (M.D. Fla. Feb. 1, 2016) (staying a TCPA case pending the outcome of *Spokeo* because it "may have a significant effect on the issues raised in this case"); *Tyler v. Nationstar Mortg., LLC*, 4:15cv532-WS/CAS, 2016 U.S. Dist. LEXIS 14632, at *3 (N.D. Fla. Jan. 15, 2016) (granting stay in TCPA case pending the outcome of *Spokeo*); *Lennartson v. Papa Murphy's Holdings, Inc.*, CASE NO. C15-5307 RBL, 2016 U.S. Dist. LEXIS 725, at *12-13 (W.D. Wash. Jan. 5, 2016) (granting a stay pending the outcome of *Spokeo* because the decision "could simplify or complicate the class certification process"); *Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*, 2016 U.S. Dist. LEXIS 581, at *12-14 (N.D. Ill. Jan. 5, 2016) (granting a stay pending the outcome of *Spokeo* and describing calls for which no monetary damages were incurred as "mere statutory violation[s]" which may not support standing); *Davis v. Nationstar Mortg., LLC*, CIVIL ACTION NO. 15-CV-4944, 2016 U.S. Dist. LEXIS 252, at *9-10 (E.D. Pa. Jan. 4, 2016) (granting stay in TCPA case pending the outcome of *Spokeo* and explicitly rejecting plaintiff's concern that "[a]s time goes on, memory fades, people with knowledge of the case leave, and Plaintiff's evidence pool becomes smaller and smaller"); *Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, Case No: 6:15-cv-969-Orl-41DAB, 2015 U.S. Dist. LEXIS 159479, at *6 (M.D. Fla. Nov. 20, 2015) (staying TCPA case

pending the outcome of *Spokeo* because allegations, where plaintiffs suffer no out-of-pocket expenses, are "grounded solely in technical violations of the TCPA"); *Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp.*, CV 15-04767-AB (JCx), 2015 U.S. Dist. LEXIS 148476, at *4-5 (C.D. Cal. Oct. 19, 2015) (staying TCPA case pending the outcome of *Spokeo* because "the Court, the parties, and the absent class members ... would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary"); *Boise v. ACE USA, Inc.*, Case No. 15-Civ-21264-COOKE/TORRES, 2015 U.S. Dist. LEXIS 87200, at *12 (S.D. Fla. July 6, 2015) (staying TCPA case because Supreme Court could conclusively define the court's subject matter jurisdiction to hear plaintiff's claims).

Moreover, a number of stays have been granted since the filing of Defendants' Motion. *See O'Hanlon v. 24 Hour Fitness USA, Inc.*, Case No. 15-cv-01821-BLF, 2016 U.S. Dist. LEXIS 27509, at *13 (N.D. Cal. Mar. 2, 2016) (staying the TCPA case pending the outcome of *Spokeo* because proceeding "would be an inefficient use of limited judicial resources"); *Chattanond v. Discover Fin. Servs., LLC*, CV 15-08549-RSWL-JCx, 2016 U.S. Dist. LEXIS 24700, at *5 (C.D. Cal. Feb. 26, 2016) (staying the TCPA action because the *Spokeo* decision will address whether the plaintiff establishes "Article III standing by only alleging a bare violation of the TCPA"); *Figueroa v. Carrington Mortgage Servs. LLC*, Case No. 8:15-cv-2414-T-24TGW, 2016 U.S. Dist. LEXIS 23738, at *6-7 (M.D. Fla. Feb. 22, 2016) (staying the TCPA case because the *Spokeo* decision "will likely settle the issue of whether a plaintiff like Figueroa has Article III standing based solely on a bare statutory violation").

Lastly, as noted in Defendants' Motion, a number of other district courts have stayed cases in similar, non-TCPA class actions pending the *Spokeo* decision. *See* Memo. in Supp. at 6.

Clearly, substantial persuasive authority exists to stay the case where mere allegations of statutory violations have been made without more in the way of allegations of injury-in-fact.

As the benefits to judicial economy are identical to those cited by the many other courts, and because the prejudice to Defendants in not staying the case outweighs the only possible "harm" to Plaintiff (mere delay) in staying it, this motion should be granted and the case stayed.

### A. Granting a Stay Will Promote Judicial Economy.

Granting a stay will promote judicial efficiency whether or not the Ninth Circuit's decision is affirmed (despite Plaintiff's clairvoyant prediction that "the Supreme Court is likely to affirm the Ninth Circuit's decision in *Spokeo*"). *See* Opp'n at 8. Indeed, the Supreme Court's ruling will be directly pertinent to the issues before this Court and also resolve the apparent tension within the Fourth Circuit.

For instance, the recent Fourth Circuit case *David v. Alphin* explicitly states that statutory standing and constitutional standing are distinct requirements. *David*, 704 F.3d at 338. Meanwhile, however, Plaintiff makes much of the so-called "longstanding Fourth Circuit precedent" emanating from the *Friends of the Earth* decision, wherein the court expressed that the invasion of a statutory right alone *may* be sufficient to confer Article III standing. Opp'n at 2 (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000)). Of course, to the extent that the two are in conflict, the substantially more recent *David* opinion controls. Regardless, however, the Supreme Court is poised to resolve this apparent tension and definitively establish the standard by which an Article III injury will be measured.

Because of the ruling's direct impact on TCPA statutory claims, other courts have recognized the pending *Spokeo* decision's impact on judicial economy. As the Eastern District of Pennsylvania in *Duchene* explained:

8

> There is a real possibility that [the *Spokeo* decision] will result in this Court losing jurisdiction to hear the case before it, given the Question[] Presented in the Supreme Court. If that happens, *any judicial resources spent on this matter between now and then would essentially be to no avail*.

Case No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269, at *11 (citing *Salvatore v. Microbilt Corp.*, No. 4:14-CV-1848, 2015 U.S. Dist. LEXIS 110025, at *5 (M.D. Pa. Aug. 20, 2015); *Provo v. Rady Children's Hosp. San Diego*, CASE NO. 15cv0081 JM(BGS), 2015 U.S. Dist. LEXIS 100491, at *4 (S.D. Ca. July 29, 2015); *Hillson v. Kelly Servs, Inc.*, Case No. 2:15-CV-10803, 2015 U.S. Dist. LEXIS 97958, at *1-2 (E.D. Mi. July 15, 2015); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 U.S. Dist. LEXIS 87200, 2015 WL 4077433, at *13 (S.D. Fla. July 6, 2015); *In re: Marshall*, Civ. No. 15-mc-01-LPS, 2015 U.S. Dist. LEXIS 22412, at *8 (D. Del. Feb. 25, 2015)) (emphasis added).

Notwithstanding the effect on Plaintiff's standing, Plaintiff's ultimate goal of class-certification likewise makes judicial economy of crucial consideration. Indeed, even if the *Spokeo* Court's holding does not ultimately affect *her* standing, it will certainly affect the scope of any potential class designation. As the Northen District of Illinois recently explained in *Telephone Science Corporation v. Asset Recovery Solutions, LLC*, the ruling will impact what telephone calls give rise to standing. Specifically, the court reasoned:

> While the Court recognizes that factual differences may exist between the present case and *Spokeo*, . . . should the Supreme Court find that a plaintiff must incur an injury-in-fact in addition to alleging a mere statutory violation, *the potential exists for a significant reduction in the number of calls* forming the basis of Telephone Science's claims in the present litigation.

15 C 5182, 2016 U.S. Dist. LEXIS 581, at *9 (N.D. Ill. Jan. 5, 2016) (emphasis added). In *Lennartson v. Papa Murphy's Holdings, Inc.*, the Western District of Washington recognized the effect of the pending *Spokeo* decision on issues of class certification, stating:

9

> *Spokeo* could simplify or complicate the class certification process. For example, it could limit the size of Lennartson's putative class to those who paid their providers for each message Papa Murphy's sent them. Little advantage to proceeding with discovery and motions practice in the interim exists.

CASE NO. C15-5307 RBL, 2016 U.S. Dist. LEXIS 725, at *12-13 (W.D. Wash. Jan. 5, 2016) (staying class action pending the outcome of *Spokeo*). In the case before this Court, Plaintiff seeks recovery for two classes based on two separate alleged violations of the TCPA, the national do-not-call regulations and the automated calls to cell phones regulations. *See* Compl. at 9-11. Certainly, the scope of both classes will be solidified by the *Spokeo* decision.

Thus, in more ways than one, judicial economy is a significant factor weighing in favor of staying this case. Awaiting the *Spokeo* decision will promote judicial economy in this case regardless of the outcome and is, accordingly, warranted.

### B. Defendants Will Face Hardship Absent Entry of a Stay.

Defendants continue to incur significant expenses in this litigation – which ultimately may be for naught. *See Duchene*, Case No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269 at *8 ("In light of *Spokeo*['s] . . . potential impact on this litigation, '[d]efendant faces the risk of unnecessary proceedings and expenses if the case is not stayed.'" (quoting *Ramirez v. Trans Union, LLC*, Case No. 12-cv-00632-JSC, 2015 U.S. Dist. LEXIS 80692, at *4 (N.D. Cal. June 22, 2015); citing *Pa. State Troopers Ass'n v. Pawlowski*, No. 1:09-CV-1748, 2011 U.S. Dist. LEXIS 8, at *3-4 (M.D. Pa. Jan. 3, 2011)).

The costs of this ongoing litigation, and in particular the costs of discovery, are at this stage of the case substantially one-sided. As Plaintiff well knows, Defendants have engaged an e-discovery vendor to process enormous amounts of data, which Defendants' counsel must review for production. Yet, "it is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may well determine is not actionable in the course of these

10

proceedings." *Pa. State Troopers Ass'n*, No. 1:09-CV-1748, 2011 U.S. Dist. LEXIS 8, at *3. Further, not only will Defendants themselves continue to incur the tremendous expense in reviewing, analyzing, and producing the voluminous documents that have been requested, but so too will many subpoenaed third parties not parties to this litigation. *See* Certificates of Service for Defendant's Notice of Subpoena, ECF Nos. 74-83, 85-100, 103-04.

### C. Plaintiff Will Face No Prejudice Upon Entry of a Stay.

Any harm to Plaintiff in this case resulting from a stay is merely the inconvenience of not proceeding as she wishes. Such harm is clearly outweighed by the harm to Defendants and judicial economy concerns. *See* Sections II(A), (B) *supra*. Indeed, Plaintiff's argument that this Motion is illustrative of "obstructionist intent" and "Defendants' continued foot-dragging" is completely off-base because, as illustrated below, Defendants have been actively litigating this matter and fully conducting discovery despite the Article III issues before the court. *See* Opp'n at 1, 2.

Plaintiff's other claim to prejudice stems from her concern that call records in the hands of Defendants and/or third parties will be destroyed during the stay of the litigation. Opp'n at 10. This fear is unfounded. As Plaintiff has acknowledged, Defendants are aware of their obligations to obtain and maintain relevant records. *Id*. In furtherance of these obligations, Defendants have retained an e-discovery vendor for the processing and review of Defendants' documents and issued 28 subpoenas to its third party producers for documents outside Defendants' possession. *See* ECF Nos. 74-83, 85-100, 103-04; *see also* e-mail from Plaintiff's counsel, Anthony Paronich, attaching edits, which were incorporated into the subpoenas issued by Defendants' counsel, attached as **Exhibit A**. The combination of these efforts will protect Plaintiff from any possible prejudice. Moreover, "[a] relatively short delay of definite duration

11

would not likely affect the availability of evidence or the memory of witnesses, especially where we have 'no specific facts or reasoning [that] indicate otherwise.'" *Duchene*, Case No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269, at *10 (quoting *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 U.S. Dist. LEXIS 83459, at *23 (N.D. Cal. June 26, 2015)).

Indeed, the cases cited by Defendant supposedly highlighting the risks of delay are inapposite. Opp'n at 10-11. In *Levitt*, class certification was denied because the company possessing the identities of potential class members had gone out of business. *Levitt v. Fax.com*, Civil No. WMN-05-949, 2007 U.S. Dist. LEXIS 83143, at *3 (D. Md. May 25, 2007). In this case, Defendants have already sought any records pertaining to potential class members from third parties, and is aware of its own obligations to retain any such records. In the presence of a stay, there is no reason to think that Defendants' corporate existence here is in jeopardy, and there is therefore no risk to these records. Furthermore, the stay requested here will likely last only a few months, at most. In *Levitt*, the company possessing the records didn't go out of business until *nearly 5 years* after the litigation first commenced. *Id.* at *1-3. This dramatic difference in time alone is enough to distinguish the two cases.

*Pasco* is similarly distinguishable. In *Pasco,* the records in question were held by a Canadian corporation. *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011). The court instructed the plaintiff to follow certain Canadian statutes and seek a protective order to preserve the records. *Id.* The plaintiff failed to follow the court's instructions, and only then were the records lost. *Id.* In this case, Defendants are all located domestically, and there is no concern about foreign law. Furthermore, Plaintiff has assiduously addressed her discovery concerns and Defendants are well aware of their preservation obligations. Defendants have upheld these obligations throughout the proceedings and will continue to do so.

A stay of this matter is appropriate until the Supreme Court publishes its opinion in the *Spokeo* case as each of the factors guiding the court's discretion of whether to enter a stay weigh in the favor of staying the case.

## CONCLUSION

The Court should grant Defendants' Motion because Plaintiff has not alleged an injury-in-fact necessary to establish standing. In the alternative, the Court should stay this matter until the Supreme Court publishes its ruling in *Spokeo*.

Respectfully submitted this 8th day of March, 2016.

    N.C.W.C., INC. AND PALMER ADMINISTRATIVE SERVICES, INC.

    By Counsel:

    /s/Gordon H. Copland
    Gordon H. Copland (WVSB #828)
    Steptoe & Johnson PLLC
    400 White Oaks Boulevard
    Bridgeport, WV 26330
    304-933-8162 (telephone)
    304-933-8601 (facsimile)
    gordon.copland@steptoe-johnson.com

    and

    Karen A. Doner (*Admitted Pro Hac Vice*)
    Mitchell N. Roth (*Admitted Pro Hac Vice*)
    Roth Doner Jackson, PLC
    8200 Greensboro Drive
    Suite 820
    McLean, Virginia 22102
    (703) 485-3537 (telephone)
    (703) 485-3525 (facsimile)
    kdoner@rothdonerjackson.com
    mroth@rothdonerjackson.com

    **COUNSEL FOR DEFENDANTS N.C.W.C., INC. AND PALMER ADMINISTRATIVE SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, I filed the foregoing **"Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) or in the Alternative, to Stay Pending Supreme Court Review"** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of said filing to counsel of record as listed below:

| | |
|---|---|
| John W. Barrett | Edward A. Broderick |
| Jonathan R. Marshall | Anthony Paronich |
| Ryan McCune Donovan | BRODERICK LAW, P.C. |
| BAILEY & GLASSER LLP | 99 High St., Suite 304 |
| 209 Capitol Street | Boston, MA 02110 |
| Charleston, WV 25301 | (617) 738-7080 |
| Telephone: (304) 345-6555 | ted@broderick-law.com |
| jbarrett@baileyglasser.com | anthony@broderick-law.com |
| jmarshall@baileyglasser.com | |
| rdonovan@baileyglasser.com | |
| | |
| Matthew P. McCue | Brandon J. Kupec |
| THE LAW OFFICE OF MATTHEW P.MCCUE | Thomas W. Kupec |
| | KUPEC & ASSOCIATES, PLLC |
| 1 South Avenue, Suite 3 | 228 Court Street |
| Natick, MA 01760 | Clarksburg, WV 26301 |
| (508) 655-1415 | (304)-623-6678 |
| (508) 319-3077 facsimile | brandon.kupec@kupeclaw.com |
| mmccue@massattorneys.net | twk@ma.rr.com |

*/s/ Gordon H. Copland*
Gordon H. Copland (WVSB #828)
  gordon.copland@steptoe-johnson.com
Christopher A. Lauderman (WVSB #11136)
  chris.lauderman@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Fax: (304) 933-8183