IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DIANA MEY,** individually and on
behalf of a class of persons and
entities similarly situated,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:15-CV-101
                                                      (BAILEY)

**GOT WARRANTY, INC., GANNA FREIBERG,
N.C.W.C., INC.,** and **PALMER
ADMINISTRATIVE SERVICES, INC.,**

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY

On this day, the above-styled matter came before this Court for consideration of the defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) or, in the Alternative, Motion to Stay Pending Supreme Court Review [Doc. 71], filed February 12, 2016. Having been fully briefed, this matter is now ripe for adjudication. For the reasons stated herein, defendants' motion to stay will be granted pending the Supreme Court's decision in ***Spokeo, Inc. v. Robins***, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339).

**I.    BACKGROUND**

The plaintiff filed the instant action on August 6, 2015 , "to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act." [Doc. 1 at ¶ 1]. The Complaint alleges that defendant Got Warranty, Inc.[1] placed "computer-dialed

---

[1] On March 15, 2016, plaintiff amended her Complaint to join Ganna Freiberg as a defendant in place of Got Warranty, Inc., which is believed to be defunct.

1

telemarketing calls" to the plaintiff's cellular telephone and to a number the plaintiff "had registered on the National Do Not Call Registry" without the plaintiff's consent in order "to promote the services of Palmer Administrative Services, Inc." [*Id.* at ¶¶ 2-3]. The Complaint also alleges that the calls were "transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day." [*Id.* at ¶ 5]. Thus, the plaintiff asserts that she is bringing this action "on behalf of a proposed nationwide class of other persons" who received like telephone calls. [*Id.*].

Based on the alleged calls, the plaintiff has brought one count for "[v]iolation of the TCPA's provisions prohibiting autodialer and prerecorded message calls to cell phones," a second count for "[v]iolation of the TCPA's Do Not Call Provision," and a third count for "[i]njunctive relief to bar future TCPA violations." [*Id.* at p. 12].

## II. APPLICABLE LAW

### A. Motion to Stay

This Court possesses the inherent authority to stay a matter in furtherance of judicial economy. See **Landis v. North American Co.**, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). In the exercise of its judgment, the court must ensure that the stay is not "immoderate" and limit the scope of the stay within a reasonable time frame. *Id.* at 257. In assessing a motion to stay, district courts in this state have utilized three factors based on **Landis**:

(1) the interests of judicial economy,

(2) hardship and equity to the moving party if the action is not stayed, and

(3) potential prejudice to the non-moving party.

*Kamara v. Polk*, 2014 U.S. Dist. LEXIS 158324, *18-*19 (N.D. W.Va. 2014); *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D. W.Va. 2013).

### B. Article III Standing & the TCPA

To establish Article III standing, a plaintiff must demonstrate an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). "Congress may create a statutory right or entitlement[,] the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." *Warth v. Seldin*, 422 U.S. 490, 514 (1975) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973)); *compare* *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.").

Under the Telephone Consumer Protection Act ("TCPA"), a party is prohibited from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action in which a person may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

3

47 U.S.C. § 227(b)(3)(B).

## III. ANALYSIS

The defendants in this case wish to stay the matter until the Supreme Court renders its decision in *Spokeo*, whereby it will decide "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, *Spokeo, Inc. v. Robins*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339) (*available at* supremecourt.gov/qp/13-01339qp.pdf). Although the statute in question in *Spokeo* is the Fair Credit Reporting Act ("FCRA"), rather than the TCPA under which the plaintiff brings her claims in the instant matter, the issue sought to be resolved implicates claims brought under a myriad of other federal statutes, including the TCPA. Thus, should the Supreme Court determine that a plaintiff who suffers no concrete harm does not have a private right of action based on a violation of a federal statute, the plaintiff's claims in this matter and class sought to be certified would fail.

The plaintiff argues in her response [Doc. 102] that a stay in this matter is inappropriate because she has sufficiently alleged standing and, alternatively, the Supreme Court's decision in *Spokeo* will not affect her standing here because of her contention that she has alleged a concrete injury-in-fact. She further asserts that, even if *Spokeo* does impact her claims, the defendants have not met the "high burden" required for a stay.

The plaintiff's arguments regarding *Spokeo*'s impact, or lack thereof, on the instant matter serve to highlight the necessity of utilizing the Supreme Court's forthcoming

4

guidance in assessing plaintiff's contentions. The plaintiff correctly notes this circuit's precedent regarding standing to bring TCPA suits. *See* ***Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.***, 204 F.3d 149 (4th Cir. 2000); ***Moore v. DISH Network LLC***, 57 F.Supp.3d 639 (N.D. W.Va. 2014). However, this statutorily-created Article III standing is precisely the issue the Supreme Court will address in its ***Spokeo*** decision, and the plaintiff's assertion that this matter should not be stayed "just in case the United States Supreme Court abandons four decades of its own standing jurisprudence" is unpersuasive. [Doc. 102 at p. 7]. The mere fact that the Supreme Court granted *certiorari* and heard oral arguments suggests that the proper resolution of this matter is not so clear.

The plaintiff also claims that she has asserted a concrete injury-in-fact such that she would have standing to bring her claims regardless of the ***Spokeo*** decision. This Court will not address the merits of the plaintiff's contention that she sufficiently alleged a concrete injury rather than a statutory violation at this time. Indeed this Court anticipates that the Supreme Court's forthcoming opinion will provide guidance in assessing the merits of such a contention. This argument is not sufficient to overcome this Court's opinion that a stay in this matter is warranted.

As noted by the defendants, many district courts throughout the country have granted stay pending the Supreme Court's ***Spokeo*** decision, including many cases involving the TCPA.[2] Although there are also several district courts that have denied similar

---

[2]*See, e.g.*, ***Williams v. Elephant Inc. Co.***, 2015 U.S. Dist. LEXIS 78051 (E.D. Va. 2015); ***Boise v. ACE USA, Inc.***, 2015 U.S. Dist. LEXIS 87200 (S.D. Fla. 2015); ***Davis v. Nationstar Mortg., LLC***, 2016 U.S. Dist. LEXIS 252 (E.D. Pa. 2016); ***Tel. Sci. Corp. v. Asset Recovery Solutions, LLC***, 2016 U.S. Dist. LEXIS 581 (N.D. Ill. 2016); ***Luster v. Jewelers***, 2015 U.S. Dist. LEXIS 169115 (N.D. Ga. 2015); ***Lennartson v. Papa Murphy's Holdings, Inc.***, 2016 U.S. Dist. LEXIS 725 (W.D. Wash. 2016); ***Acton v. Intellectual Capital Mgmt.***, 2015 U.S. Dist. LEXIS

stays,[3] an analysis under the above-stated factors indicates that a stay is appropriate here, as each factor weighs in favor of the defendants. It is in both the Court's and the parties' interests to wait for the Supreme Court's *Spokeo* decision in order to utilize its guidance in assessing the merits of the plaintiff's contentions regarding standing. The defendants would be prejudiced considerably should they continue to expend substantial resources in litigation only for the Supreme Court to rule that this Court lacks jurisdiction to resolve this case pursuant to *Spokeo*, and this Court will have expended needless time and resources in the interim. The plaintiff has not indicated any substantial prejudice likely to befall her should this case be stayed, and this Court can anticipate none. This Court also finds plaintiff's assertion of prejudice due to facing frequently deleted call records and other ephemeral evidence under the defendants' control to be unpersuasive given the rather brief stay pending the *Spokeo* decision; the Supreme Court's decision is anticipated by June or July of this year. In short, it is prudent to put this litigation on hold for a few months in order to benefit from any pertinent wisdom the Supreme Court may offer regarding the plaintiff's standing here.

## IV.    CONCLUSION

Accordingly, the defendants' Motion to Stay **[Doc. 71]** is hereby **GRANTED** and this

---

172149 (E.D. N.Y. 2015); *Salvatore v. MicroBilt Corp.*, 2015 U.S. Dist. LEXIS 110025 (M.D. Pa. 2015); *Provo v. Rady Children's Hosp. San Diego*, 2015 U.S. Dist. LEXIS 100491 (S.D. Cal. 2015); *Patel v. Trans Union, LLC*, 2015 U.S. Dist. LEXIS 176601 (N.D. Cal. 2015).

[3]See *Degnen v. Komet USA, LLC*, 2016 U.S. Dist. LEXIS 10034 (E.D. Mo. 2016); *Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 2490 (N.D. Cal. 2016); *Abante Rooter & Plumbing, Inc., v. Birch Communs., Inc.*, 2016 U.S. Dist. LEXIS 8526 (N.D. Ga. 2016); *Johnson v. Navient Solutions, Inc.*, 2015 U.S. Dist. LEXIS 167213 (S.D. Ind. 2015); *Heidarpour v. Cent. Payment Co., LLC*, 2015 U.S. Dist. LEXIS 175276 (M.D. Ga. 2015).

6

action is **STAYED** pending resolution of *Spokeo, Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 22, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE