IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

Civil Action No. 5:15-cv-00101-JPB
Hon. John Preston Bailey

GOT WARRANTY, INC., N.C.W.C., INC., PALMER ADMINISTRATIVE SERVICES, INC., and GANNA FREIBERG,

Defendants.

**CLASS ACTION SETTLEMENT AGREEMENT**

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered into as of March _____, 2017, by and among DIANA MEY ("Plaintiff"), individually and on behalf of the class of persons she seeks to represent (the "Settlement Class" defined below), and GOT WARRANTY, INC., N.C.W.C., INC., and PALMER ADMINISTRATIVE SERVICES, INC. ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), subject to the terms and conditions of the Agreement and the final approval of the Court.



**RECITALS**

A. On August 6, 2015, Plaintiff filed a putative class action complaint against Defendants in the United States District Court for the Northern District of West Virginia (the "Action"), alleging, among other things, that Defendants violated the Telephone Consumer Protection Act's prohibitions against telemarketing calls to numbers on the National Do Not Call Registry, and automatically dialed telemarketing calls to cellular telephone numbers. *See* 47 U.S.C. § 227 (the "TCPA").

B. In separate Answers, Defendants asserted affirmative defenses and denied that they violated the TCPA.

C. On July 11, 2016, the Parties participated in a full-day mediation with an experienced mediator, Webster J. Arceneaux, III. During the mediation, the Parties reached an agreement on the key terms of a class settlement which were outlined in a memorandum executed by Class Counsel and Defense Counsel.

D. Defendants at all times have denied and continue to deny any wrongdoing whatsoever and have denied and continued to deny that they violated the TCPA, or committed any other wrongful act or violation of law.

E. Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and her counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against Defendants through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have taken into account the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions. Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant



to the terms set forth herein. Based on their evaluation, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

F.     The Parties agree that the Action was resolved in good faith, following arm's-length bargaining presided over by a neutral mediator.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

### 1.     DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Defendants' Counsel"** means:

        Mitchell N. Roth
        Roth Jackson
        8200 Greensboro Drive
        Suite 820
        McLean, VA 22102
        Attorneys for NCWC and Palmer

        Gordon H. Copland
        Steptoe & Johnson PLLC
        400 White Oaks Boulevard
        Bridgeport, WV 26330



Attorney for NCWC and Palmer

1.2 **"Class Counsel"** means:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301

1.3 **"Class Representative"** means Diana Mey.

1.4 **"Court"** means the United States District Court for the Northern District of West Virginia.

1.5 **Distributions**. The **"First Distribution"** is that distribution made under Paragraph 2.3.1. The **"Second Distribution"** is that distribution made under Paragraph 2.3.2.

1.6 **"Effective Date"** means the date one (1) business day after which all of the events and conditions specified in Paragraph 9.1 have occurred and have been met.

1.7 **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.8 **"Final"** means one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals, other than an appeal or

MRS

appeals solely with respect to the Fee Award, the date of final dismissal or completion – in a manner that finally affirms and leaves in place the Final Approval Order and Judgment.

1.9      **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Court enter the Final Approval Order and Judgment, approve the Settlement Agreement, and approve the Fee Award and the incentive award to the Class Representative.

1.10     **"Final Approval Order and Judgment"** means a document substantially in the form of Exhibit 1, to be entered by the Court following the Final Approval Hearing.

1.11     **"Mediator"** means Webster J. Arceneaux, III.

1.12     **"Notice"** means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibits 2 and 3 hereto.

1.13     **"Notice Plan"** means the plan, as set forth in Paragraph 4.2 and as executed and administered by the Settlement Administrator, for disseminating notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing.

1.14     **"Objection/Exclusion Deadline"** means the date by which (1) a written objection to this Settlement Agreement, or (2) a request for exclusion, must be postmarked, which shall be no later than fifty-one (51) days after entry of the Preliminary Approval Order, or such other date as ordered by the Court, which deadline shall be posted to the Settlement Website listed in Paragraph 4.2.2.

1.15     **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 4, to be entered by the Court for purposes of preliminarily approving the Settlement Agreement, certifying the Settlement Class solely for settlement purposes, and approving the form of the Notice and the Notice Plan.



1.16    **"Released Claims"** means the scope of claims released by the following language:

Plaintiff and each member of the Class not opting out, their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, as of the Effective Date of the Stipulation of Settlement, do hereby release and forever discharge Defendants, jointly and severally, and all of their present or former predecessors, successors, subsidiaries, affiliates, resellers, producers and agents and all of their respective officers, directors, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, and assigns ("Released Parties") of and from all claims, demands, causes of actions, suits, damages, fees arising out of the transmission of calls, including telemarketing calls, from or on behalf of Defendants Got Warranty, Inc., N.C.W.C., Inc. and Palmer Administrative Services, Inc. and/or which in any way arise out of or allege violations by the Defendants of the TCPA or similar state laws governing such matters including, but not limited to, those which are the subject of the Action, and occur at any time before entry of the Preliminary Approval Order.

1.17    **"Released Parties"** means Defendants (including, for purposes of this paragraph only, Defendants Got Warranty, Inc. and Ganna Frieberg), jointly and severally, and all of their present or former predecessors, successors, subsidiaries, and all of their respective officers, directors, members, principals, insurers, insureds, representatives, employees, producers, agents, resellers, shareholders, attorneys, and assigns.

1.18    **"Releasing Parties"** means: (a) Plaintiff; and (b) Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such members submit claims).

1.19    **"Settlement"** means the settlement contemplated by this Agreement.



1.20 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice and mailing checks for Settlement Class Members. Settlement Administration Expenses shall be paid from the Settlement Fund.

1.21 **"Settlement Administrator"** means Kurtzman Carson Consultants LLC ("KCC").

1.22 **"Settlement Class"** means all persons or entities within the United States to whom Got Warranty, Inc., or any third parties on its behalf, sent telemarketing calls promoting the goods or services of the Defendants at any time from August 6, 2011 to the signing of this Agreement.

1.23 **"Settlement Class Member"** means a person who falls within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

1.24 **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel, and any approved incentive award to the Class Representative.

1.25 **"Settlement Fund"** means the Six Hundred and Fifty Thousand Dollars ($650,000) that Defendants have agreed to pay pursuant to the terms of this Settlement Agreement, including but not limited to Paragraph 2.1 below.

1.26 **"Settlement Website"** means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement and the Notice. Plaintiff will provide Defendants with the opportunity to review and comment on the Settlement Website and its contents, and Plaintiff shall accommodate Defendant's reasonable concerns.

**2. SETTLEMENT RELIEF**

2.1 **Settlement Fund.** Defendants agree to provide a Settlement Fund in the amount of Six Hundred and Fifty Thousand Dollars ($650,000) for the purpose of making payments with



respect to all Class Members under this Agreement, all Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. Defendants will fund the Settlement Fund as follows: (a) By March 15, 2017, Defendants will transfer $260,000 of immediately available funds to an interest bearing trust account maintained by Class Counsel; (b) $195,000 will be paid in the same manner on or before March 15, 2018; and (c) $195,000 will be paid in the same manner on or before March 15, 2019. Class Counsel will hold those amounts until such time as the Settlement Administrator is authorized to use or pay those funds, including for any authorized up-front notice costs, pursuant to the Settlement Agreement, the Preliminary Approval Order, or the Final Approval Order and Judgment.

2.2    **Injunctive Relief.** As a result of the settlement, NCWC and Palmer will require that any entity placing calls on its behalf and any reseller join and comply with the standards of conduct adopted by the Vehicle Protection Association ("VPA"). NCWC and Palmer will maintain evidence of this membership, and shall produce such evidence to Plaintiff's counsel upon request. Defendants will terminate any reseller that refuses to join the VPA, and any reseller whose membership with the VPA is terminated for any reason.

2.3    **Monetary Payments**

2.3.1. As soon as practicable but no later than sixty (60) days after the second payment to the Settlement Fund is made, or such other date as the Court may set, the Settlement Administrator shall distribute: (i) to Class Counsel, two-thirds of the attorneys' fees and costs awarded by the Court; (ii) to the Class Representative, any incentive award approved by the Court; (iii) through the "First Distribution," a per capita share of all remaining funds in the Settlement Fund. If more than one Class Member resides in a single

home, the residents of that home collectively would be entitled to only one per domicile share. Payments to Settlement Class Members shall be mailed via first-class mail.

2.3.2   As soon as practicable but no later than sixty (60) days after the third payment to the Settlement Fund is made, or such other date as the Court may set, the Settlement Administrator shall distribute (i) the remaining one-third of the attorneys' fees and costs awarded by the Court; and (ii) through the "Second Distribution," a per capita share of all remaining funds in the Settlement Fund. If more than one Class Member resides in a single home, the residents of that home collectively would be entitled to only one per domicile share. Payments to Settlement Class Members shall be mailed via first-class mail.

2.3.3   All payments issued to Settlement Class Members will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

2.3.4   To the extent that any checks to Settlement Class Members mailed through the First Distribution to Settlement Class Members expire and become null and void, the Settlement Administrator shall retain those funds to be distributed through the Second Distribution. Any funds not deposited through the Second Distribution shall be distributed as *cypres* award to the National Consumer Law Center or other charitable organization designated by the Court. Distribution to the National Consumer Law Center is authorized without



further order of the Court, but any other *cy pres* distribution shall be on motion of a party or the parties, and order of the Court.

**3. RELEASES**

3.1 The Parties intend that this Settlement Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties.

3.2 Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4. NOTICE TO THE CLASS**

4.1 Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice to be disseminated to potential Settlement Class Members. Such Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan, the costs of which shall be Settlement Administration Expenses, and which shall be paid from the Settlement Fund.

4.2 The Notice Plan, which was developed in consultation with the Settlement Administrator, includes:

4.2.1 *Direct Notice.* Subject to the approval of the Court, the Settlement Administrator shall send direct notice, within twenty-one (21) days after entry of the Preliminary Approval Order, substantially in the form provided in Exhibit 3, via the U.S. Postal Service to the Settlement Class Members whose name and address are obtained by the Parties from Defendants and/or through a reverse-lookup process done by the Settlement Administrator.



4.2.2   *Internet Notice.* Subject to the approval of the Court, the Settlement Administrator shall, within twenty-one (21) days after entry of the Preliminary Approval Order, place targeted Internet banner ads providing information about the Settlement and links to the Settlement Website on the Google Display Network and Facebook.

4.2.3   *Settlement Website.* Within fourteen (14) days after entry of the Preliminary Approval Order, Notice shall be provided on a website, which shall be administered by the Settlement Administrator. The Notice on the Settlement Website shall be substantially in the form of Exhibit 2 hereto.

4.3   Any member of the Settlement Class who intends to object to this Agreement must send to the Court a written statement that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the filed objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or



other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be timely, the objection must be filed and sent to the Settlement Administrator on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.4     Any member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement;



or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

## 5.    SETTLEMENT ADMINISTRATION

5.1   The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall provide reports and other information to the Court as the Court may require. Should the Court request, Class Counsel shall submit a report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Settlement Class Members. Without limiting the foregoing, the Settlement Administrator shall receive objections and exclusion forms and promptly provide to Class Counsel and Defendants' Counsel copies thereof.

5.2   In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.    TERMINATION OF SETTLEMENT

*Termination Notice*. Defendants, or the Class Representative on behalf of the Settlement Class, shall have the right to request termination this Agreement by filing written request to do so



("Termination Notice") with the Court and serving that Termination Notice on all other Parties hereto within ten (10) business days of any of the following events: (i) the Court's refusal to enter a Preliminary Approval Order; or (ii) the Court's refusal to enter a Final Approval Order and Judgment or any appellate Court refuses to Uphold the Final Approval Order and Judgment in any respect. Upon effective termination, the balance of the Common Fund not expended on notice and administration shall be returned to the Defendants.

## 7. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND JUDGMENT.

7.1 Promptly after the execution of this Agreement, Plaintiff's counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, certify the Settlement Class for settlement purposes only, appoint Plaintiff's counsel as Class Counsel and Plaintiff as the Class Representative, shall set a Final Approval Hearing date, and approve the Notice for dissemination in accordance with the Notice Plan. Such Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Approval Order and Judgment set forth in Paragraph 7.4 below.

7.2 At the time of the submission of this Agreement to the Court as described above, Plaintiff's counsel and Defendants shall request that, after Notice is disseminated to members of the Settlement Class in accordance with the Notice Plan, the Court hold a Final Approval Hearing and approve the Settlement as set forth herein. The Final

Approval Hearing shall be no earlier than one hundred (100) days after entry of the Preliminary Approval Order, or such other time as the Court shall set.

7.3 The Settlement Administrator, with approval by the Parties, shall be responsible for compliance with the applicable provisions of the Class Action Fairness Act ("CAFA"), including the notice requirements in 28 U.S.C. § 1715.

7.4 After Notice is disseminated in accordance with the Notice Plan, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

7.4.1 Find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits hereto;

7.4.2 Approve the Settlement Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of Settlement Class Members; direct the Parties and their counsel to implement the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties;

7.4.3 Find that the Notice and the Notice Plan implemented pursuant to the Agreement: (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to

appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

7.4.4   Find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

7.4.5   Dismiss the Action (including all individual claims and Settlement Class Member claims asserted therein against Defendants) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

7.4.6   Incorporate the releases set forth above, make those releases effective as of the date of the Final Approval Order and Judgment, and forever discharge the Released Parties as set forth herein;

7.4.7   Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment, and for any other necessary purpose; and

7.4.8   Incorporate any other provisions, as the Court deems necessary and just.



**8. CLASS COUNSEL'S FEE AWARD; INCENTIVE AWARD.**

8.1 Subject to the Court's approval, Defendants have agreed that the Settlement Fund will be used to pay the Fee Award to Class Counsel. Class Counsel shall apply, subject to the approval of the Court, for a Fee Award of up to one-third of the Common Fund of $650,000, plus out-of-pocket costs incurred by Class Counsel in this litigation. Nothing in this Agreement requires Defendants to take any position with respect to this paragraph.

8.2 In lieu of any payments to which she may be entitled as a Settlement Class Member under the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, the Class Representatives shall, subject to the approval of the Court, be awarded an incentive award in the amount of fifteen thousand dollars ($15,000).

**9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1 The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

9.1.1 This Agreement has been signed by Plaintiff, or her representative, and Defendants;

9.1.2 The Court has entered the Preliminary Approval Order;

9.1.3 The Court has entered the Final Approval Order and Judgment, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Approval Order and Judgment, or a final approval order and judgment substantially



consistent with this Agreement (the "Alternative Final Approval Order and Judgment")

9.1.4   The Defendants have completed their contribution to the settlement fund as identified in Paragraph 2.1 above; and

9.1.5   The Final Approval Order and Judgment has become Final, as defined above.

9.2   If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, then this Settlement Agreement shall be canceled and terminated unless Plaintiff's counsel and Defendants mutually agree in writing to proceed with this Agreement.

9.3   In the event one hundred (100) or more individuals within the Settlement Class object to this Settlement Agreement or request to be excluded from the Settlement Class, NCWC and/or Palmer may, in its exclusive discretion, terminate and cancel this Agreement by providing notice thereof in writing to Class Counsel, at least 30 days prior to the date set for the Final Approval Hearing

9.4   If this Agreement is terminated or fails to become Effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Furthermore, in the event that the Agreement does not become effective or is terminated, the balance



of the Common Fund not expended on notice and administration shall be returned to the Defendants.

## 10. SHAFTEL SECURITY INTEREST

10.1 At mediation, Michael Shaftel represented and warranted, and by his signature below now reaffirms: that he owns the home located at [redacted], subject only to a first mortgage held by Morgan Stanley, with no other liens or encumbrances; that the approximate value of the home exceeds $2 million; that he has more than $650,000 in equity in the home; and that he personally guarantees that the settlement will be paid. He will personally secure payment of the full $650,000 amount of this settlement through a second lien security interest/deed of trust, held by Bailey & Glasser, on that home.

## 11. MISCELLANEOUS PROVISIONS

11.1 The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Plaintiff's counsel and Defendants agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

11.2 The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the



Settlement Class, and each or any of them, on the one hand, against the Released

Parties, and each or any of the Released Parties, on the other hand. Accordingly, the

Parties agree not to assert in any forum that the Action was brought by Plaintiff or

defended by Defendants, or each or any of them, in bad faith or without a reasonable

basis.

11.3 The Parties have relied upon the advice and representation of counsel, selected by

them, concerning their respective legal liability for the claims hereby released.  The

Parties have read and understand fully the above and foregoing Agreement and have

been fully advised as to the legal effect thereof by counsel of their own selection and

intend to be legally bound by the same.

11.4 The Settlement and this Agreement represent a negotiated compromise, and

regardless whether the Effective Date occurs or the Settlement Agreement is

terminated, neither this Agreement nor the Settlement, nor any act performed or

document executed pursuant to or in furtherance of this Agreement or the Settlement:

    11.4.1  Is, may be deemed, or shall be used, offered or received against the Released

        Parties, or each or any of them, as an admission, concession, or evidence of

        the validity of any Released Claims, the truth of any fact alleged by the

        Class Representative, the deficiency of any defense that has been or could

        have been asserted in the Action, the violation of any law or statute, the

        reasonableness of either the Settlement Fund or the Fee Award, or of any

        alleged wrongdoing, liability, negligence, or fault of the Released Parties,

        or any of them;



11.4.2 Is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; or

11.4.3 Is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiff' or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

11.5 Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof," "herein," "hereby," "hereunder," and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

11.6 The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

11.7 Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.



11.8 Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

11.9 This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

11.10 This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

11.11 This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

11.12 The Settlement Memorandum shall survive execution of this Agreement and shall not be merged hereinto. In the event any provision of this Agreement expressly conflicts with a provision of the Settlement Memorandum, the conflicting provision of this Agreement shall prevail.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class**:



Diana Mey
Class Representative

Date: 4/4/17

**For Defendant NCWC, Inc.:**

Authorized Representative

Date: 2-27-17

MICHAEL B SHAFTEL CEO
Printed Name and Title

**For Defendant Palmer Administrative Services, Inc.:**

Authorized Representative

Date: 2-27-17.

MICHAEL B SHAFTEL CEO
Printed Name and Title

**For Defendant Got Warranty, Inc.:**

Authorized Representative

Date:

Printed Name and Title

**For Michael Shaftel:**

Michael Shaftel

Date: 2-27-17

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

Civil Action No. 5:15-cv-00101-JPB
Hon. John Preston Bailey

GOT WARRANTY, INC., N.C.W.C., INC., PALMER ADMINISTRATIVE SERVICES, INC., and GANNA FREIBERG,

Defendants.

**PRELIMINARY APPROVAL ORDER**

The Plaintiff has moved for preliminary approval of a proposed class settlement which would resolve the Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

**I. Jurisdiction**

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**II. Certification of Settlement Class**

2. Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

[1] Unless otherwise defined herein, all capitalized names have the definitions set forth in the Settlement Agreement.

certifies the following "Settlement Class," consisting of:

> All persons or entities within the United States to whom Got Warranty, Inc., or any third parties on its behalf, sent telemarketing calls promoting the goods or services of the defendants at any time from August 6, 2011 to February 27, 2017.

**III. Class Representative and Class Counsel**

3. The Court preliminarily appoints Plaintiff Diana Mey as Class Representative.

4. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

John W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

**IV. Rule 23 Requirements**

5. The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members

6. The Court further finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**V. Preliminary Approval of the Settlement**

7. Pursuant to the Settlement Agreement, the Defendants have agreed to pay $650,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted. In addition to payments from the Settlement Fund, Defendants have agreed to ensure that any entity placing a call on its behalf will join and comply with the standards of the Vehicle Protection Association.

8. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

**VI. Notice and Administration**

9. The Court appoints of Kurtzman Carson Consultants to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including

effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10. The Court has carefully considered the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

11. The Court thus approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **[21 days after preliminary approval].** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

12. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**VII. Exclusion and "Opt-Outs"**

13. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and received no later than **[51 days after preliminary approval]**, by the Settlement

Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

16. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

17. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

## VIII. Objections

18. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees

and expenses, or to the compensation award to the Class Representative must submit to Class Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before **[51 days after preliminary approval]**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

19. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

20. Any member of the Settlement Class who does not opt out or make an objection

to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

## IX.    Final Approval Hearing

21.    A Final Approval Hearing is will be held before the Court on **[at least 100 days after preliminary approval] at _____ am** for the following purposes:

(a)    to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)    to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)    to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)    to consider the application for an compensation award to the Class Representative;

(f)    to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)    to rule upon such other matters as the Court may deem appropriate.

22.    On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; and (ii) any application for a

compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses.

23. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

24. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:** __________, 2016

**Objection/Exclusion Deadline:** __________, 2017

**Claim Deadline:** __________, 2017

**Final Approval Submissions:** __________, 2017

**Final Approval Hearing:** __________, 2017 at ______ am

25. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**X. Further Matters**

26. All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

27. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this

Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

28. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: ________________, 2017 ______________________________

United States District Court

# EXHIBIT 2

A proposed settlement (the "Settlement") has been reached in a class action lawsuit, *Mey v. Got Warranty, Inc., et al.*, No. 5:15-cv-00101-JPB, pending in the United States District Court for the Northern District of West Virginia (the "Action"). The lawsuit alleges that the Defendants made telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendants deny that they violated any laws. Plaintiff and Defendants have agreed to the Settlement to avoid the burden, expense, risk and uncertainty of continuing the Lawsuit.

**Who is included?** You were identified as someone who may have received one or more of these phone calls since August 6, 2011.

**How much money can I get?** If the Court approves the Settlement, every Settlement Class Member who submits a valid claim will be entitled to equal payments from the $650,000 Settlement Fund. Your actual payment amount will depend on how many Settlement Class Members are successfully located. The Settlement Fund will be divided and distributed equally–sometimes referred to as "pro rata"–to all Settlement Class Members after attorneys' fees, costs and expenses, an award for the Class Representative, and notice and administration costs have been deducted.

**How can I get a payment?** In order to receive payments, you must complete the claims form. Based on information currently available the parties, the estimated payment for each Settlement Class Member will be **[INSERT],** paid in two separate distributions**.**

**What are my options?** If you are a Settlement Class Member, you submit a valid claim, and the Court approves the Settlement, you will be bound by all of the Settlement terms, including the releases of claims against Defendants and the other Released Parties. Alternatively, you may "opt out" (exclude yourself) from the Settlement. If you opt out, you will not receive a payment, and you will not release any claims. You will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to the Settlement Administrator, , **P.O. Box xxxx, City ST xxxx-xxxx]** which must be received by **[INSERT DATE]** that includes your full name, address, telephone number or numbers, a statement that you wish to be excluded from the Settlement, and your personal signature. Unless you exclude yourself from this Settlement, you give up your right to sue or continue a lawsuit against Defendants and the other Released Parties. You may object to the Settlement by submitting a written objection in *Mey v. Got Warranty, Inc., et. al.*, United States District Court for the Northern District of West Virginia, No. 5:15-cv-00101-JPB, U.S. District Court, Northern District of West Virginia, 1125 Chapline St, Wheeling, WV 26003 by **[INSERT DATE]**; and the (2) the Settlement Administrator; and (3) Class Counsel. Any objection must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence; identification of any lawyer you consulted with as to this settlement and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary. If you want to be heard orally (either personally or through counsel) in opposition to the Settlement you must file a timely objection as set forth above.

**When will the Settlement be finally approved?** The Court will hold a Final Approval Hearing (the "Hearing") at **TIME** on **DATE** at the U.S. District Court for the Northern District of West Virginia, 1125 Chapline St, Wheeling, WV 26003. At the Hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's request of up to one-third of the Settlement Fund in fees in addition to their costs and expenses; and a $15,000 payment to the Class Representative. The Court will also hear objections to the Settlement. If approval is denied, reversed on appeal, or does not become final, the case will continue and claims will not be paid.

**Want more information?** The Settlement Agreement, claim form, and other relevant documents are available at [website]. Pleadings and documents filed in Court may be reviewed or copied in the office of the Clerk. Please do not call the Judge or the Clerk of the Court. They cannot give you advice on your options.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

BUSINESS REPLY MAIL
FIRST-CLASS MAIL PERMIT NO. 1810 PROVIDENCE RI

POSTAGE WILL BE PAID BY ADDRESSEE

TBD

SETTLEMENT ADMINSTRATOR

PO BOX 43067
PROVIDENCE RI 02940-5143

**PLACEHOLDER BRM PANEL: DO NOT USE.**
**THIS SECTION IS FOR**
**DEMONSTRATION ONLY**

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

Civil Action No. 5:15-cv-00101-JPB
Hon. John Preston Bailey

GOT WARRANTY, INC., N.C.W.C., INC., PALMER ADMINISTRATIVE SERVICES, INC., and GANNA FREIBERG,

Defendants.

# NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

## THIS NOTICE CONCERNS SETTLEMENT OF A LAWSUIT THAT MAY ENTITLE YOU TO RECEIVE A PAYMENT

This is a Notice of a proposed Settlement in a class action lawsuit, *Mey v. Got Warranty, Inc., et. al.*, No. 5:15-cv-00101-JPB, pending in the United States District Court for the Northern District of West Virginia (the "Action"). The Settlement would resolve the Plaintiff's claims that the Defendants made telemarketing calls to Class Members in violation of federal law.

**WHAT IS THE LAWSUIT ABOUT?**

The lawsuit alleges that the Defendants made telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The Defendants deny the Plaintiff's claims. Although this Settlement does not decide that disputed issue, the Court has preliminarily certified this matter as a class action. You are a member of the Settlement Class if you meet the following description:

> All persons or entities within the United States to whom Got Warranty, Inc., or any third parties on its behalf, sent telemarketing calls promoting the goods or services of the defendants at any time from August 6, 2011 to February 27, 2017.

Records in this action indicate the telephone numbers, names and addresses of members of the Settlement Class.

**WHAT IS A CLASS ACTION?**

In a class action, one or more people or entities, called "class representatives" (in this case, Diana Mey), sue on behalf of a group of people who have similar claims. All of those people

together are a "class" or "class members." The Settlement in this Action, if approved by the Court, resolves the claims of all members of the Settlement Class against defendants, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**

The Court did not decide in favor of the Plaintiff or Defendants. Instead, both sides have agreed to a Settlement. This avoids the cost, risk, and delay of trial. Under the Settlement, members of the Settlement Class will have the opportunity to obtain a payment from Defendants in exchange for giving up certain legal rights. The Class Representative and the lawyers who brought the Action ("Class Counsel") think the Settlement is best for all members of the Settlement Class.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to pay $650,000 to create a Settlement Fund. Class Counsel (listed below) will ask the Court to award them up to one third of that amount in attorneys' fees, plus their out-of-pocket expenses, to compensate them for the substantial time and resources they devoted to this case. The Class Representative also will apply to the Court for payment of $15,000 in recognition of her service to the Settlement Class. Any amounts awarded to Class Counsel and the Class Representative will be paid from the Settlement Fund. The Settlement Fund will also cover costs associated with Notice and administration of the Settlement. These costs include the cost of mailing this Notice and publishing Notice of the Settlement, as well as the costs of administering the Settlement Fund. After attorneys' fees and costs, the Class Representative service payments, and the expenses of notice and administration are deducted from the Settlement Fund, the balance will be divided and distributed to Settlement Class Members who submit valid claims.

In addition to payments from the Settlement Fund, Defendants have agreed to ensure that any entity placing a call on its behalf will join and comply with the standards of the Vehicle Protection Association.

**HOW MUCH WILL I BE PAID?**

If the Court approves the Settlement, every Settlement Class Member who submits a valid claim will be entitled to equal payments from the Settlement Fund. That is, the amount of the Settlement Fund available for distribution will be divided equally – sometimes referred to as "pro rata" – among all Settlement Class Members who submit valid claims.

**YOUR OPTIONS**

Your choices are to:

1. **Submit a Claim and Receive Payments.** If you are a member of the Settlement Class, you submit a valid claim, and the Settlement is finally approved by the Court, you will be bound by all of the terms of the Settlement, including the releases of claims, and you will receive payments from the Settlement Fund.

2. **Exclude Yourself**. You may "opt out" and exclude yourself from the Settlement. If you opt out, you will not be eligible to receive any payment, and you will not release any claims you may have. You will be free to pursue whatever legal rights you may have at your own risk

and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to the Settlement Administrator (address below) received by **[INSERT DATE]** that includes your full name, address, telephone number or numbers, a statement that you wish to be excluded from the Settlement, and your personal signature.

3. **Object to the Settlement**. You may object to the Settlement by submitting a written objection to (1) the United States District Court for the Northern District of West Virginia, 1125 Chapline St, Wheeling, WV 26003; (2) Class Counsel; and (3) the Settlement Administrator. Any objection must be received by **[INSERT DATE].** Any objection to the Settlement must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary; however, persons wishing to be heard orally (either personally or through counsel) in opposition to the approval of the Settlement are required to file a timely objection as set forth above.

**WHEN WILL I BE PAID?**

If the Court approves the Settlement, you will receive a payment no later than **[INSERT DATE]**. You will receive a second payment no later than **[INSERT DATE]**. If there is an appeal of the Settlement, payment may be delayed. The Settlement Administrator will provide information about the timing of payment at **[WEBSITE].**

**WHO REPRESENTS THE SETTLEMENT CLASS?**

The attorneys who have been appointed by the Court to represent the Settlement Class are:

John W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston WV 25301

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

If the Court gives final approval to the Settlement, Members of the Settlement Class will release their rights to sue or continue a lawsuit against Defendants and the other Released Parties related to telemarketing calls that violate state or federal law. Giving up your legal claims is called a release. If you filed your own lawsuit for the violations alleged in this case you could, if you win, recover up to $1,500 per call plus an order prohibiting future calls. If you exclude yourself, however, the lawyers in this case would no longer represent you and the Defendants would

vigorously assert all available defenses. You could lose and receive nothing. This Settlement affords Class Members the opportunity to obtain a smaller amount of money, risk-free.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing (the "Hearing") at [**TIME]** on [**DATE]**. The hearing will be held at the U.S. District Court, Northern District of West Virginia, 1125 Chapline St, Wheeling, WV 2600. At the Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will hear objections to the Settlement, if any. The Court will also determine how much to pay Class Counsel. After the Hearing, the Court will decide whether to approve the Settlement. The Hearing may be continued at any time by the Court without further notice to you. If the Court does not approve the Settlement, if it approves the Settlement but the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

**DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OR THE LAWSUIT TO THE CLERK OF THE COURT OR TO THE JUDGE. PLEASE DIRECT QUESTIONS TO:**

**SETTLEMENT ADMINISTRATOR – [INSERT]**

**Toll-Free 1-____________**

DATED: ____________, 2017

# EXHIBIT 4

# PROOF OF CLAIM FORM

Complete the Steps Below to Submit a Claim Under the Settlement Described in the Notice. ***You must complete and return this Claim Form (or complete the on-line claim form at [insert website]) before the deadline to be eligible to receive a payment under the Settlement.***

**1. Identify yourself:**

Name: ______________________________________________________________

Address: _____________________________________________________________

City/State/Zip Code: ____________________________________________________

Telephone number for which claim is submitted: ___________________________________

2. **Verify that you are a member of the Settlement Class described in the Notice (your information will be compared to the Class List):**

By checking this box, I am confirming that, between August 6, 2011 and **[date Agreement signed]**: □

I received a telemarketing call made by Got Warranty, Inc., or any third party on its behalf, that I believe to have violated the TCPA.

3. **Sign the Claim Form and Transmit It to the Settlement Administrator.**

After you complete this Claim Form, sign it below and return it by one of the following methods:

A. By e-mail to the Settlement Administrator at [EMAIL] no later than midnight, U.S. Eastern Standard Time, on **[DATE]**. If you use e-mail, you must send the Claim Form in a format that includes a legible signature.

B. By United States Mail to the Settlement Administrator, postmarked no later than **[DATE]**, at the following address:

[to be inserted]

**NOTE: Only one claim is permitted per domicile.**

**I certify that the foregoing statements are true to the best of my knowledge.** I understand that the Settlement Administrator has the right to verify my responses and dispute any claims that are based on inaccurate responses.

**Signature: __________________________ Date: ________________**